UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-00232

**Raiffeisen Kapitalanlage-Gesellschaft mbH, et al.,**
*Applicants,*
v.
**Elzayat,**
*Respondent.*

## MEMORANDUM OPINION AND ORDER

A group of institutional investors plans to sue the Dutch corporation KPNV in the Netherlands for monetary losses resulting from KPNV's alleged failure to make proper disclosures about its unsafe respiratory products. To obtain information to support this planned foreign suit, the investors applied *ex parte* under 28 U.S.C. § 1782 to serve document and deposition subpoenas on KPNV's former United States medical director of patient safety. The Court granted the application in an *ex parte* order ("the Order"). But after the investors served the subpoenas, the medical director, KPNV, and KPNV's U.S. subsidiary (the latter two as intervenors) moved to vacate the Order and quash the subpoenas. The Court now grants the motions.

## BACKGROUND

Philips RS North America LLC ("Respironics") produced sleep apnea respiratory devices with foam that could degrade and allegedly pose health risks to users. After Respironics recalled these devices, investors filed securities claims against Respironics' Dutch parent company, Koninklijke Philips N.V.

("KPNV"), alleging that KPNV misled the market and investors about issues with the devices.

Multiple investor groups have sued or plan to sue KPNV for damages in the Netherlands. A few investor groups have asked the Enterprise Chamber of the Amsterdam Court of Appeal to open "inquiry proceedings" against KPNV. An inquiry proceeding is a Dutch procedure in which the court may appoint investigators to independently examine a company and report their findings. Because those findings could be relevant to any securities litigation against KPNV, the Amsterdam District Court stayed the only currently ongoing litigation against KPNV pending the Enterprise Chamber's decision whether to order an investigation.

Raiffeisen Kapitalanlage-Gesellschaft mbH, NLB Skladi upravljanje, premozenja, d.o.o., Capfi Delen Asset Management N.V., Stichting Pensioenfonds Campina, and Australian Ethical Investment Ltd. ("Applicants") are a separate group of investors that say they intend to file a securities action against KPNV as soon as they gather enough evidence to satisfy allegedly heightened Dutch pleading requirements. As part of that effort, Applicants applied *ex parte* to this Court under 28 U.S.C. § 1782 for leave to serve document and deposition subpoenas on Dr. Hisham Elzayat, a former medical director for Respironics. This Court granted the application, and Applicants served the subpoenas.

Less than two months after Applicants filed the at-issue application for subpoenas to Dr. Elzayat, they filed a similar *ex parte* § 1782 application in the Western District of Pennsylvania seeking Respironics documents and testimony from the Pittsburgh Post-Gazette. Like this Court, the Western District of Pennsylvania granted the *ex parte* request. The Post-Gazette then moved to quash, and, at a hearing, both the Post-Gazette and Respironics argued that Applicants should seek the

information from Respironics first. Respironics also represented that it would cooperate with, and not move to quash, a § 1782 application directed to it in the Western District of Pennsylvania. Applicants thus filed a new § 1782 application in that District seeking documents and testimony directly from Respironics. Two weeks later, Applicants voluntarily dismissed the Post-Gazette action without prejudice, and the Western District of Pennsylvania has since granted the new § 1782 application as to Respironics.

As in the Western District of Pennsylvania action, the Respondent in this matter, Dr. Elzayat, moved to vacate the Order and quash the subpoenas. Respironics and KPNV (collectively, "Intervenors") intervened seeking the same relief. Dr. Elzayat and Intervenors contend, among other things, that the requested documents and information can and should be sought directly from Respironics in the Western District of Pennsylvania rather than from Dr. Elzayat.

With that background, the Court now considers whether to vacate the Order and quash the subpoenas to Dr. Elzayat.

## LEGAL STANDARD

"Section 1782(a) seeks to facilitate third-party discovery in American district courts, from subjects that reside or are found in the district, in aid of 'interested parties' in 'foreign proceedings.'" *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022) (citing 28 U.S.C. § 1782(a) and *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004)).

To obtain discovery, the statute mandates that: (1) the person from whom discovery is sought reside or be found in the district in which the application is filed; (2) the discovery be for use in a proceeding before a foreign tribunal; and (3) the application be made by a foreign or international tribunal or

"any interested person." 28 U.S.C. § 1782(a). *See Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (per curiam).

Even when an application satisfies these three statutory criteria, the statutory text states only that a Court *may* grant the application. 28 U.S.C. § 1782(a) ("The district court . . . may order . . . ."). That is, the Court has discretion. The Supreme Court has identified four non-exclusive factors to consider when exercising this discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome[.]" *Intel*, 542 U.S. at 264–65. "[T]his discretion is [also] informed by the twin aims of the statute, which are to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts." *Texas Keystone*, 694 F.3d at 553–54 (citation and internal quotation marks omitted).

When a section 1782 order granting discovery is entered *ex parte*, the respondent may challenge the entry of that order as well as the resulting subpoenas. *Banca Pueyo SA*, 55 F.4th at 471. The Court must then reconsider the order in light of the respondent's arguments. *Id.* at 476. "[I]t is important to recall that the burden of proof on a motion to quash rests with the respondent, while to obtain § 1782(a) discovery, the applicant must either carry its burden or at least provide sufficient

support to persuade the court." *Id.* at 475 (noting that the Supreme Court has not established the appropriate burden of proof for the discretionary factors or the legal standard required to meet that burden and the court takes no position on those questions at this time).

## ANALYSIS

Respondent's and Intervenors' motions to vacate and quash are granted. Applicants meet the statutory requirements for section 1782 discovery, but the *Intel* factors weigh against authorizing discovery.

### I. Applicants meet the statutory requirements.

The application satisfies section 1782 because (1) Respondent resides in Round Rock, Texas, which is within the Western District of Texas; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application was made by a party who will be a party to that proceeding. *See* 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 247, 256–59 (noting that litigants are an example of interested persons and section 1782(a) is not limited to pending or imminent adjudicative proceedings so long as the proceeding is in reasonable contemplation).

Respondent and Intervenors contest only whether the discovery sought is for use in a foreign tribunal. It is. Applicants have asserted and provided evidence that they are reasonably contemplating filing suit in the Netherlands against KPNV, and that the information sought by the subpoenas will aid that suit. That is sufficient to meet this statutory requirement, which requires only that the proceedings be in "reasonable contemplation." *Intel*, 542 U.S. at 259. *See, e.g., In re Application of Eurasian Bank Joint Stock Co. for Expedited Jud. Assistance Pursuant to 28 U.S.C. § 1782*, No. 3:15-mc-106-L-BN, 2015 WL

6438256, at *2 (N.D. Tex. Oct. 21, 2015) (finding it sufficient that the applicant showed it expected and wanted to institute the lawsuit within a reasonable period of time if the discovery it sought revealed the proceeding would be fruitful). The fact that Applicants have delayed in filing suit does not prohibit them from establishing that litigation is reasonably contemplated. *See, e.g.*, *Bravo Express Corp. v. Total Petrochemicals & Refin. U.S.*, 613 F. App'x 319, 322–23 (5th Cir. 2015) (per curiam) (finding a seven-year delay could be mitigated).

**II. The *Intel* factors favor vacating the Order.**

Even when the statutory requirements are met, the district court "is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Here, the factors as a whole favor denying the application and quashing the subpoenas.

**A. The evidence sought from Respondent is in the reach of the foreign tribunal.**

The first *Intel* factor asks "whether the person from whom discovery is sought is a 'participant in the foreign proceeding,' such that the person, unlike a nonparticipant, is amenable to discovery in the foreign forum and the discovery may be unobtainable in that forum[.]" *Banca Pueyo SA*, 55 F.4th at 473. In other words, the first *Intel* factor weighs "the need for § 1782(a) aid[.]" *Intel*, 542 U.S. at 264. This factor favors vacating the Order because the evidence is obtainable through the Dutch process.

The need for section 1782 discovery is heightened when the person from whom the discovery is sought is outside the reach of the foreign tribunal because "their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."*Id.*; *see also Bravo Express*, 613 F. App'x at 323 (stating

courts should consider "whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach' and therefore their evidence may be 'unobtainable absent § 1782(a) aid'" (citing *Intel*, 542 U.S. at 264)). When the discovery is obtainable through the foreign forum, there may be no need for section 1782 assistance. *See Candel & Partners SAS v. ExxonMobil Corp.*, No. 25-20366, 2026 WL 2126863, at *2 (5th Cir. July 23, 2026) (per curiam) (affirming a district court's order quashing a 1782 application where, when considering the first and second factors, the district court concluded "that the [foreign] tribunal had the ability to order production of relevant documents within its own jurisdiction").

Respondent is not a participant to the foreign proceeding, and he is outside the reach of the Dutch tribunal. But the *evidence* Applicants seek from Respondent is within the Dutch tribunal's reach. Dutch courts generally can compel production not only from putative defendant KPNV, but also from its subsidiaries, including Respironics, which already has Respondent's documents. Hr'g Tr. at 17:15–18:13 (ECF No. 49); van der Schrieck Decl. at ¶¶ 9–12, 37–39 (ECF No. 31-1). And all the documents Applicants seek from Respondent are in Intervenor Respironics' possession. Hr'g Tr. at 29:6–24. Indeed, Applicants cannot identify any documents Respondent has in his possession, custody, or control that they cannot obtain from Intervenors. *Id.* at 38:15–16 ("We can't point to anything specifically[.]"). Moreover, Applicants cannot tell the Court what information they need from Respondent that is not already in the transcripts from Respondent's previous depositions—documents that are in Respironics' possession and that Respironics does not categorically oppose producing in response to the section 1782 action in the Western District of

Pennsylvania. *Id.* at 7:17–8:20, 13:3–12, 34:6–17, 47:19–48:9; *c.f.*, *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373 (5th Cir. 2010) (finding the district court did not abuse its discretion in granting a section 1782 application where there was evidence the party within the foreign jurisdiction either *did not have* or *would not turn over* the relevant documents).

None of this is to say that there is a strict exhaustion requirement mandating that Applicants exhaust all avenues for discovery before seeking section 1782 assistance. But where, as here, all of the requested information will be available through the Dutch courts in due course, this factor supports vacating the Order. *See Candel & Partners SAS*, 2026 WL 2126863, at *2–3 (affirming a district court's order granting a motion to quash where the Court "found no basis for Texas court assistance" and "conclude[ed] that the French tribunal had the ability to order production of relevant documents within its own jurisdiction"); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004) (finding the first *Intel* factor supported denying the section 1782 request when the respondent was technically Cravath but "for all intents and purposes" the applicants sought discovery from their opponent in the foreign litigation).

### B. The foreign tribunal is receptive to U.S. federal court assistance.

The second *Intel* factor concerns "the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government or forum to U.S. federal court assistance[.]" *Banca Pueyo SA*, 55 F.4th at 473. No party seriously disputes that Dutch courts are generally receptive to U.S. federal court assistance in international discovery, *see* van der Schrieck Decl. at ¶¶ 9–12, 37–39, and that the overall

nature and character of the future Dutch action support granting discovery.

### C. The section 1782 application conceals an attempt to circumvent foreign proof-gathering limits.

The third *Intel* factors asks "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Proof-gathering restrictions "are best understood as rules akin to privileges that *prohibit* the acquisition or use of certain materials, rather than as rules that fail to *facilitate* investigation of claims[.]" *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 153 (2d Cir. 2022) (emphasis in original) (quoting *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015)); *Banco Mercantil de Norte, S.A. v. Paramo*, No. 4:23-mc-01188, 2024 WL 4905981, at *5 (S.D. Tex. Nov. 27, 2024) ("Broadly speaking, the third *Intel* factor asks whether a request 'seeks documents that cannot be obtained because the foreign jurisdiction *prohibits* the discovery of those documents.'" (emphasis in original) (quoting *In re Accent Delight Int'l Ltd.*, 791 F. App'x. 247, 251 (2d Cir. 2019))), *appeal dismissed*, No. 24-20372, 2025 WL 570875 (5th Cir. Feb. 21, 2025), and *aff'd sub nom. Banco Mercantil del Norte, S.A. v. Paramo*, No. 24-20542, 2025 WL 2305399 (5th Cir. Aug. 11, 2025). Here, Applicants appear to be circumventing foreign proof-gathering limits that allow the sought discovery, but not quite yet.

"In the context of § 1782 and the third *Intel* factor, circumvention occurs where the applicant uses a § 1782 application to avoid measures that are *intended* to restrict certain means of gathering or using evidence." *Fed. Republic of Nigeria*, 27 F.4th at 153 (emphasis in original). "'[W]hile the court should not base its § 1782(a) decision on whether this discovery would

be allowed in [the foreign country], it may consider [the foreign country's] restrictions and whether this request is an attempt to thwart those restrictions.'" *In re Seafox Int'l Ltd.*, No. 4:25-mc-02074, 2025 WL 3085725, at *3 (S.D. Tex. Nov. 4, 2025) (quoting *In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*, 195 F. Supp. 3d 899, 906 (S.D. Tex. 2016)).

Applicants are using section 1782 to evade Dutch proof-gathering restrictions and policies. The Dutch district court stayed proceedings in a similar—but not identical—liability case involving KPNV pending the Dutch Enterprise Chamber's potential inquiry proceedings into KPNV's periodic reporting and disclosure obligations in connection with the "apn[]ea affair[.]" Stay at 4 (ECF No. 31-7). In staying discovery, the Dutch court stated that while the "nature and scope" of the inquiry proceedings differs from the liability proceeding, it is appropriate to stay discovery in the liability proceeding because "the decision of the Enterprise Chamber and the outcome of any investigation may be relevant to the determination of facts and circumstances" in the liability proceeding. *Id*. It continued and stated that "[t]he prevention of conflicting decisions outweighs the interest of KPNV and others in continuing these proceedings at this stage[,]" and emphasized "the interests of proper procedural order and, in particular, the importance of establishing the material truth[.]" *Id.* Since the August 24, 2026 hearing, no party has informed the Court of any changes.

If Applicants file their own action in the Dutch courts, the action would very likely also be stayed in favor of the Enterprise Chambers' inquiry proceedings. And if it were stayed, then Applicants would not be able to obtain the requested discovery until that stay is lifted. Put differently, the Dutch court is likely to impose a proof-gathering restriction prohibiting Applicants from conducting this type of discovery right now,

and Applicants' section 1782 application in this Court attempts to circumvent this restriction. Indeed, allowing discovery would arguably contradict the policies laid out in the Dutch court's order, including "the interests of proper procedural order[,]" "establishing material truth[,]" and "preventing conflicting decisions[.]"*Id*. And despite filing their *ex parte* application for discovery less than one month after the Stay was entered, Applicants did not disclose the Stay or the potential inquiry proceedings to the Court.

This factor, therefore, weighs slightly against allowing discovery. *See, e.g.*, *In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*, 195 F. Supp. 3d at 906 (finding this factor weighed slightly against allowing discovery because it was clear the applicants were "attempting to get discovery in the United States from the parent company due to restrictions they face in getting the documents from NEML in Israel"); *c.f.*, *In re Application of Oasis Focus Fund LP*, No. 1:23-cv-00239-DII, 2023 WL 6278882, at *4 (W.D. Tex. Sept. 26, 2023), *report and recommendation adopted sub nom. In re Oasis Focus Fund LP*, No. 1:23-cv-239-DII, 2023 WL 7238594 (W.D. Tex. Nov. 2, 2023) (finding no evasion because there was no evidence establishing what discovery would be available under the foreign proof-gathering procedures or evidence that the foreign jurisdiction barred this sort of discovery).

**D. The requested discovery is unduly burdensome and intrusive.**

"Generally, modification of a subpoena is preferable to quashing it outright[,]" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004), but "unduly intrusive or burdensome requests may be rejected or trimmed[,]" *Intel*, 542 U.S. at 265. "[T]he normal federal discovery rules appl[y] once [the Applicant makes] the requisite showing in its [s]ection 1782

application." *Texas Keystone*, 694 F.3d at 556. But "what is undue or burdensome in the context of the transnational litigation factors expressed in *Intel* is not necessarily identical to the burden and oppression standards that may limit third-party domestic discovery[.]" *Banca Pueyo SA*, 55 F.4th at 476 (citing *Texas Keystone*, 694 F.3d at 556 (the threshold standard for section 1782(a) "requires a different analysis" from a motion to quash under the Federal Rules of Civil Procedure)).

The discovery request is unduly burdensome because it is duplicative and can be more easily obtained from a more convenient source. FED. R. CIV. P. 26(b)(2)(c)(i). Putting aside Applicants' ability to seek this discovery in a Dutch court, the Western District of Pennsylvania already granted Applicants' unopposed section 1782 application seeking documents from Respironics. And Respironics already has all the documents and materials that Applicants seek from Respondent, including transcripts of his previous depositions. Hr'g Tr. at 7:17–8:20, 34:6–17, 37:9–39:1, 47:3–48:9. Applicants thus acknowledge "some duplicative nature[,]" *id.* at 41:23, between the requests and admit that they "can't point to anything specifically[,]" *id.* at 38:15–16, that they need from Respondent that they would not receive from Respironics, *id.* at 47:19–48:9, or state why the transcripts of the previous depositions of Respondent are insufficient.[1]

Respondent should not be required to produce years' worth of documents—many of which are Respironics' documents in the first place—and sit for an additional deposition when Applicants already have an open avenue to obtain those documents from Respironics. *See Banoka S.à.r.l. v. Elliott Mgmt.*

[1] Respironics waived its objections to the validity of the section 1782 application in the Western District of Pennsylvania and stated that it will raise only traditional discovery objections to subpoenas issued pursuant to that application. Hr'g Tr. at 12:16–13:25, 62:21–63:11.

*Corp.*, 148 F.4th 54, 69 (2d Cir. 2025) (affirming district court's denial of an application based, in part, on its finding that the fourth *Intel* factor weighed against granting discovery because the discovery requests were overbroad and could be obtained through the foreign primary custodian); *Banca Pueyo SA*, 55 F.4th at 476 (noting that overlap between the discovery requests made in the foreign court and in the section 1782 request is relevant to the *Intel* factors).

## CONCLUSION

**1.** Respondent's motion to vacate and quash, ECF No. 30, is granted.

**2.** Intervenors' motion to vacate and quash, ECF No. 31, is granted.

*So ordered by the Court on October 2, 2026*

ANDREW DAVIS
United States District Judge